IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:90-cv-10037-KMM

FLORIDA KEY DEER, et al.,

    Plaintiff,

vs.

W. CRAIG FUGATE, et al.,

    Defendants.
_____/

## ORDER DENYING MONROE COUNTY'S MOTION TO INTERVENE

THIS MATTER came before the Court upon the Monroe County Board of County Commissioners' Motion to Intervene (ECF No. 478). UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. BACKGROUND

This case involves a 1996 challenge to a Biological Opinion issued by Defendant U.S. Fish and Wildlife Services ("FWS") concerning the Department of Homeland Security's Federal Emergency Management Agency's ("FEMA") administration of the National Flood Insurance Program in Monroe County, Florida (ECF No. 482).

After more than ten years of settlement negotiations, this Court ordered FWS to submit a new Biological Opinion (ECF No. 447). On April 30, 2010, FWS filed its new Biological Opinion ("2010 BO") in the Court and in Monroe County communities (ECF No. 466). More than six months later, on November 16, 2010, the Board of County Commissioners of Monroe County, Florida ("Monroe County") filed their second Motion to Intervene pursuant to Federal Rule of Civil Procedure 24 (ECF No. 478).

1

On December 3, 2010, Plaintiffs and Federal Defendants reached a Settlement Agreement (ECF No. 482). On January 11, 2011, this Court issued an Order approving the parties' Settlement Agreement and denied all pending motions as moot, including Monroe County's Motion to Intervene (ECF No. 485). On March 9, 2011, Monroe County filed a Notice of Appeal to the Court of Appeals for the Eleventh Circuit from the Order denying its Motion to Intervene (ECF No. 490). Approximately one month later, the Defendant's filed a Motion for an Indicative Ruling pursuant to Federal Rule of Civil Procedure 62.1 (ECF No. 496). On August 12, 2011, this Court issued an Order Granting Defendant's Motion for an Indicative Ruling, and certified that it would deny Monroe County's Motion to Intervene if the United States Court of Appeals for the Eleventh Circuit remanded for such a purpose. On December 20, 2011, this Court received an Order of Dismissal from the Eleventh Circuit remanding the matter for the purposes of addressing the merits of Monroe County's Motion to Intervene. Subsequently, this Court vacated the Order on Settlement Agreement (ECF No. 485) issued by this Court on January 11, 2011, with respect to the portion of the Order that denied as moot the Monroe County Board of County Commissioners' Motion to Intervene (ECF No. 519).

## II. STANDARD OF REVIEW

Under Rule 24, a nonparty is only entitled to intervene when the motion is timely. Fed. R. Civ. P. 24. "If it is untimely, intervention must be denied." NAACP v. New York, 413 U.S. 345, 365 (1973). In determining whether a motion to intervene is timely, the Court must consider the following factors:

> (1) the length of time during which the proposed intervenor knew or reasonably should have known of [its] interest in the case before moving to intervene;
> (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest;
> (3) the extent of prejudice to the proposed intervenor if the motion is denied; and
> (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1259 (11th Cir. 2002). This four part analysis applies whether the intervenor is claiming intervention of right or permissive intervention. United States v. Jefferson Cnty., 720 F.2d 1511, 1516 (11th Cir. 1983). The burden is on the proposed intervenor to show that its motion is timely. Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989).

## III. ANALYSIS

Monroe County moves to intervene as a matter of right, pursuant to Federal Rule of Civil Procedure 24(a), or alternatively, under the standard for permissive intervention contained in Federal Rule of Civil Procedure 24(b). "[R]arely will a motion to intervene be deemed timely where the proposed intervention seeks to undo settlement negotiations that have already culminated in a consent decree." Doe v. Sch. Bd. for Santa Rosa Cnty., 264 F.R.D. 670, 688–689 (N.D. Fla. 2010). See generally, Hollywood Cmty. Synagogue, Inc. v. City of Hollywood, Fla, 254 Fed. Appx. 769, 771 (11th Cir. 2007) (finding a motion to intervene untimely when it was filed prior to the district court's approval of a consent decree and no circumstances justified undoing the settlement negotiations).[1] With these principles in mind, the Court considers the timeliness of Monroe County's Motion to Intervene.

First the Court must consider the length of time that Monroe County was aware of its interest in BO 2010. Case law favors the proposition that this first factor "weighs against the intervenor" when the intervenor is aware of its interest in the lawsuit for months prior to the motion to intervene. In Campbell v Hall-Mark Electronics Corp, the proposed intervenor was aware of settlement negotiations for several months prior to the release of the final agreement and had participated in these negotiations.

---

[1] Other courts have also found that after parties reach a settlement agreement it is improper to allow intervention. See Del. Valley Citizen's Council for Clean Air v. Pennsylvania, 674 F.2d 970, 974 (3d Cir. 1982) (stating that absent "extraordinary circumstances," there is a presumption to deny intervention after entry of a decree); Alaniz v. Tillie Lewis Foods, 572 F.2d 657, 659 (9th Cir. 1978) ("Intervention after entry of a consent decree is reserved for exceptional cases.").

808 F. 2d 775, 777 (11th Cir. 1987). The Eleventh Circuit held that six months was an "unreasonable ... length of time ... before moving to intervene." Id. at 779. Here, Monroe Country has known about its interest in the litigation for more than twenty years. Order Den. Monroe County's Mot. to Intervene (ECF No. 324). Monroe County, already familiar with the issues involved in the BO, waited to intervene until two weeks before the parties filed a settlement agreement. Monroe County's contention that it needed six months to review the April 2010 BO is not objectively reasonable. Monroe County's Mot. to Intervene (ECF No. 478).

The Court must next consider the extent of prejudice to the existing parties. Case precedent has found that "intervention . . . would substantially prejudice the existing parties" when extensive litigation and settlement negotiations occurred prior to the motion to intervene. Hollywood Cmty. Synagogue, Inc. v. City of Hollywood, 254 Fed. App'x 769, 771 (11th Cir. 2007) (finding motion to intervene would practically undue a consent decree after twenty-two months of litigation and settlement negotiations). See Doe v. Sch. Bd. For Santa Rosa Cnty., 264 F.R.D. 670, 691 (N.D. Fla. 2010) (finding that existing parties to the litigation would be greatly prejudiced from an attempt to undo or even modify the consent decree after months of negotiations); Bumble Bee Foods, LLC v. Malo, Inc., No. CV 109-042, 2009 WL 2762683, at *2 (S.D. Ga. Aug. 31, 2009) (finding that existing parties would be prejudiced if the court granted a motion to intervene five months after the start of the suit). In this Motion, Federal Defendants stated that they did not know what issues Monroe Country would seek to raise with the Court. Federal Defs.' Mot. for Indicative Ruling (ECF No. 496 ¶ 8). Although Plaintiffs and Defendants have not taken any position with respect to Monroe County's motion to intervene,[2] id., permitting intervention at this point could undue months of negotiations between the existing parties.

---

[2] The Court has decided against allowing supplemental briefing on the matter in light of the Eleventh Circuit's guidance to enter its order promptly.

4

Furthermore, this Court believes that any prejudice to Monroe County in not permitting them to intervene is minimal. In its Motion To Intervene, Monroe County asserts many issues with respect to the Reasonable and Prudent Alternatives ("RPAs") under the 2010 BO. In its Motion for Indicative Ruling, Federal Defendants stated, "the revised RPAs for the June 30, 2010 Biological Opinion contemplates ongoing involvement by Monroe Country." Federal Defs.' Mot. for Indicative Ruling (ECF No. 496 ¶ 7). Monroe County will not suffer prejudice should this Court deny their Motion to Intervene as Defendants have asserted that, moving forward, the revised RPAs will include Monroe County's input. Additionally, neither side identifies any additional or unusual circumstances the Court should consider. Because Monroe County's Motion to Intervene was untimely, this Court need not consider whether the remaining Rule 24 factors were satisfied. See NAACP v. New York, 413 U.S. 345, 369 (1973).

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Monroe County's Motion to Intervene (ECF No. 478) is DENIED. The Clerk of the Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of December, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record

5